IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MURPHY and ROBERT STEWART,<br>    Plaintiffs,<br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY<br>HOSPITALS INC. d/b/a JEFFERSON<br>HEALTH,<br>    Defendant. | Case No.  22-cv-4674-CMR |

### SECOND NOTICE OF SUPPLEMENTAL AUTHORITY
### IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

On October 27, 2023, Plaintiffs filed a 64-page / 255-paragraph Second Amended Complaint ("SAC") against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act, breach of contract, negligence, intrusion upon seclusion, and unjust enrichment.  *See* [Doc. 36].

On November 30, 2023, Defendant filed a Motion to Dismiss that repeatedly argued this Court should dismiss Plaintiffs' intrusion upon seclusion claim because the healthcare-related communications at the heart of Plaintiffs' claim took place on Defendant's public website. Def. Mem., pp. 1, 3, 7 (emphasizing that Plaintiffs' "alleged communications" occurred "on the Jefferson Health public website") [Doc. 39-1].  In its filing, Defendant expressly argued that, "by no stretch of the imagination" can using "tracking technology" to share communications on a "public website" support a privacy violation.  *Id.* at p. 19.[1]

---

[1]  Defendant argued: "The crux of Plaintiffs' allegations against Jefferson Health is that it embedded Meta's proprietary tracking technology, which then allegedly *used information about users' navigation of Jefferson Health's public website* to provide advertising about services that may be of interest to them.  *By no stretch of the imagination does this allegation against Jefferson Health equate to highly offensive conduct*" supporting a privacy violation."  *Id.* (cite omitted) (emphasis added).

1

On January 29, 2024, the U.S. District Court for the Northern District of California filed an opinion in *In re Meta Healthcare Pixel Litigation* rejecting this exact argument (*i.e.,* "because the plaintiffs transmitted… healthcare information to their providers' websites through "publicly accessible" URLs… its retrieval of plaintiffs' information from those unprotected or public pages cannot support an invasion of privacy claim"). *In re Meta Healthcare Pixel Litigation*, Jan. 29, 2024 Order on Motion to Dismiss, p. 2 (Exhibit A). Specifically, the *In re Meta Healthcare Pixel* court denied the defendant's motion to dismiss the plaintiffs' intrusion upon seclusion claim, holding: "Plaintiffs' privacy claims are not foreclosed at this juncture in whole or part simply because their communications with their healthcare providers may have been through publicly available webpages… given that plaintiffs were communicating with their healthcare providers about their healthcare needs." *Id.* at p. 4 (Exhibit A).

The recent *In re Meta Healthcare Pixel Litigation* opinion directly undercuts Defendant's arguments against Plaintiff's intrusion upon seclusion claim in this case, and provides this Court with extensive, thoroughly-reasoned support to deny Defendant's Motion to Dismiss this claim.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: January 30, 2024 | /s/ *David J. Cohen* |
|  | David J. Cohen |
|  | **STEPHAN ZOURAS, LLP** |
|  | 604 Spruce Street |
|  | Philadelphia, PA 19106 |
|  | (215) 873-4836 |
|  |  |
|  | Ryan F. Stephan (*pro hac vice*) |
|  | James B. Zouras (*pro hac vice*) |
|  | Teresa M. Becvar (*pro hac vice*) |
|  | **STEPHAN ZOURAS, LLP** |
|  | 222 W. Adams Street, Suite 2020 |
|  | Chicago, IL 60606 |
|  | (312) 233-1550 |
|  |  |
|  | *Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he caused a copy of the foregoing pleading to be served today upon all registered counsel by electronically filing said document with the Clerk of the U.S. District Court of the Eastern District of Pennsylvania.

Dated: January 30, 2024    /s/ *David J. Cohen*