IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MURPHY and ROBERT STEWART,<br><br>     Plaintiffs,<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITALS INC. d/b/a JEFFERSON HEALTH,<br><br>     Defendant. | Case No. 2:22-cv-04674-CMR |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the Parties began their meet and confer on November 13, 2024, conducted an in-person Teams conference on November 18, 2024, continued their conferral thereafter, and present this Joint Report to inform the Court's November 27, 2024, Rule 16 Conference:

  1.  **Discussion of Claims, Defense, and Relevant Issues**

**Claims:** Plaintiffs have pled that Defendant's use of Meta's tracking and collection tools on its website, online portal, and mobile application allowed it to share patients' confidential and protected health information with Meta in violation of federal and state laws, and despite Defendant's express promises not to disclose patients' PHI for marketing or commercial purposes without consent. Based on the allegations in their SAC [Doc. 36], Plaintiffs have pled claims for violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2510, *et seq.*, breach of contract, negligence, invasion of privacy (intrusion upon seclusion), and unjust enrichment.

**Defenses:** Defendant is a nonprofit health system that provides hospital and health care services and is based in Pennsylvania. Defendant uses a mobile app (the "MyChart App") and an

online patient portal (the "patient portal") where registered patients can securely access electronic medical records and test results. Contrary to Plaintiffs' allegations, the Meta pixel was never deployed on the MyChart App or the patient portal. Defendant also has a public website, *www.jeffersonhealth.org*, (the "Jefferson Health website") that can be accessed by anyone and provides information to the public about its services. Individuals visiting the Jefferson Health website may do so for a number of reasons, not just for their own healthcare-related purposes. For example, website visitors may be job seekers, researchers, donors, employees, or vendors. Like most websites on the Internet, Defendant deployed third party analytic tools. The deployment of these tools enabled Defendant to measure browsing traffic, ensure website optimization, and increase awareness of the services offered by Jefferson Health to the community at large.

Whether and what information may have been transmitted to Meta when a user visited the public website is highly individualized and dependent on the individual user's actions. Plaintiffs had the ability to disable the collection of data through Meta's own tools, as well as through their browsers and other third-party options.

For at least these reasons, Plaintiffs' claims are meritless. Furthermore, due to the significant difference in putative class members' experiences (such as the purpose they visited the website, the pages they visited, their browser and device settings), this case is not suitable for class treatment.

**Relevant Issues:**

*Plaintiffs' Statement*: The Parties have agreed to engage in first-stage discovery, brief the propriety of Rule 23 class certification for Plaintiffs' claims, and then engage in further settlement discussions, second-stage discovery, motion practice, and trial (if necessary) on a schedule to be set later. The Parties have conferred on discovery (including ESI protocols, experts, and protective

orders), motions, scheduling, and settlement issues, among other things, and do not currently have any open issues requiring the Court's attention.

***Defendant's Statement***: Defendant denies that is has violated any laws, denies that Plaintiffs have stated a viable claim under any legal theory, and denies that Plaintiffs may pursue claims on behalf of any putative class. Contrary to Plaintiffs' allegations, the Meta pixel was never deployed on the MyChart App nor the patient portal. The primary legal issues at this stage include, but are not limited to, whether the information at issue amounts to medical records or individually identifiable health information as defined under the relevant statutes, whether Plaintiffs consented to the conduct complained of, and whether the Plaintiffs can establish the essential elements of their claims including whether they suffered any cognizable damages as a result of the complained of conduct and whether there are alternative causes of any such alleged damages. Defendant further anticipates that it will present a technical expert in support of its arguments that Plaintiffs' claims are not suitable for class certification.

**2.     Initial Disclosures**

The Parties agree to exchange their Rule 26(a)(1) disclosures by <u>December 20, 2024</u>.

**3.     Proposed Two-Stage Discovery Plan**

Mindful of the fact that determining the propriety of class certification in this action will inherently involve facts tied to the merits of Plaintiffs' claims, the Parties submit there should be two discovery stages in this action: the first including written discovery and depositions to inform the presentation and resolution of Plaintiffs' class certification motion; and the second including written discovery and depositions to inform presentation and resolution of all merits motions and the Parties' trial preparations.

The first discovery stage will include full discovery of all data, information, and documents in possession of either Party (or any third party) relating specifically to the Named Plaintiffs' claims and arguments for class certification, Defendant's defenses and arguments against class certification, and Plaintiffs' responses to these defenses and arguments. The first discovery stage is not intended to include names, contact information, personally-identifying information, or protected health information of any putative Class members. Plaintiffs may, however, seek discovery relevant to their claims and the Class generally, but any discovery relevant to individual putative Class members, at a minimum, is only proper if it can be produced without an undue burden in an anonymous fashion, without the names, contact information, personally-identifying information, or protected health information of putative Class members who are not yet involved in this action. Nothing herein shall be deemed a waiver of the Parties' rights either to seek specific discovery, or assert objections in response to specific discovery requests, including relevancy, proportionality, or undue burden. Barring any developments that justify a request for additional time, the Parties propose the first discovery stage should last six months.

During the first discovery stage, Plaintiffs anticipate serving admission requests, document requests, and interrogatories on the facts and issues presented by their claims and Defendant's defenses and, thereafter, pursuing depositions of individual witnesses and/or corporate designees as needed.

During the first discovery stage, Defendant anticipates conducting discovery from Plaintiffs on their claims, including, but not limited to the following: 1) any materials related to Plaintiffs' use of Meta products; 2) any materials related to Plaintiffs' use of Defendants' website, patient portal, and mobile application; 3) any materials related to Plaintiffs' dissemination of information about Plaintiff Nancy Murphy's health and Plaintiff Robert Stewart's health; and 4)

any materials related to Plaintiffs' alleged damages. Defendants will additionally seek discovery related to the lack of commonality, typicality, and the other elements required by Rule 23 for class certification.

If the Court certifies any of Plaintiffs' claims to proceed on a class-wide basis, the second discovery stage will include full discovery of all data, information, and documents in possession of either Party (or third party) relevant to the certified Class members' claims and Defendant's defenses, without exception. The Parties propose that the Court should set the length of this discovery stage with the Parties' input after the class certification ruling.

The Parties believe there are compelling reasons to adopt this schedule. Given this is a putative class action, the Parties will need to simultaneously conduct discovery on both Plaintiffs' individual claims and issues impacting the alleged class-wide claims. This case also involves highly technical facts, further complicating discovery. This action may also involve third-party discovery, including from Meta Platforms, Inc. Adopting this flexible approach will better afford the Parties the time to conduct deliberate, fulsome discovery and address whatever issues arise along the way.

The Parties are continuing to confer about electronic discovery issues and anticipate stipulating to a protocol governing ESI discovery in this action. The Parties are also continuing to confer about a proposed protective order addressing issues relating to the exchange of confidential information in this matter and anticipate stipulating to a proposed order governing the protection of such information in this action.

4.     **Expert Witnesses**

Plaintiffs do not intend to present expert testimony in moving for class certification.

Should Defendants decide to present expert testimony in opposing class certification, Plaintiffs should have an opportunity to depose Defendant's expert(s) before filing their class certification reply, with any rebuttal report(s). Should Plaintiffs include expert testimony in their class certification reply, Defendant should have the opportunity to depose Plaintiffs' experts before filing a class certification sur-reply, with any rebuttal report(s).

5.  **Class Certification Briefing Schedule**

Premised on a six-month, first-stage discovery period running from the November 27, 2024 Rule 16 Conference, and with consideration for the expert issues mentioned above, the Parties respectfully suggest the following class certification briefing schedule:

Plaintiffs' class certification Motion due <u>within 182 days</u> (by May 28, 2025).

Defendant's Opposition due <u>60 days after Plaintiffs' motion filing</u>.

Plaintiffs' Reply due <u>30 days after Defendant's opposition filing</u> (if Defendant does not present expert testimony).

Plaintiffs' Reply due <u>60 days after Defendant's opposition filing</u> (if Defendant presents expert testimony).

Defendant's Sur-Reply due <u>60 days after Plaintiffs' reply filing</u> (only if Plaintiffs present expert testimony).

6.  **Early Settlement or Resolution**

The Parties discussed the potential for early settlement or resolution. Defendant believes that the potential for settlement or mediation will be more productive following discovery and the completion of briefing on class certification.

**7.    Magistrate Jurisdiction**

The Parties elect not to have this action transferred to the jurisdiction of a United States Magistrate Judge.

**8.    Trial Date**

The Parties propose that the Court should schedule a trial date with the Parties' input after it rules on Plaintiffs' class certification motion and sets a schedule for second stage discovery.

**9.    Other Matters**

There are no other matters to which the Parties presently wish to draw to the Court's attention at this point.

Dated: November 20, 2024

Respectfully submitted,

*/s/ David J. Cohen (signed with consent)*
David J. Cohen
**STEPHAN ZOURAS, LLP**
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
*dcohen@stephanzouras.com*

Ryan F. Stephan (admitted *pro hac vice*)
James B. Zouras (admitted *pro hac vice*)
Teresa M. Becvar (admitted *pro hac vice*)
**STEPHAN ZOURAS, LLP**
222 W. Adams Street, Suite 2020
Chicago, IL 60606
(312) 233-1550
*rstephan@stephanzouras.com*
*jzouras@stephanzouras.com*
*tbecvar@stephanzouras.com*

*Attorneys for Plaintiffs*

| | |
|---|---|
| Dated: November 20, 2024 | */s/ Edward J. McAndrew*<br>Edward J. McAndrew<br>PA Bar No. 77103<br>BAKER & HOSTETLER LLP<br>1735 Market Street<br>Suite 3300<br>Philadelphia, PA  19103<br>emcandrew@bakerlaw.com<br>T: (215) 564-8386<br>F: (215) 568-3435<br><br>Paul G. Karlsgodt (*PHV* forthcoming)<br>BAKER & HOSTETLER LLP<br>1801 California Street<br>Suite 4400<br>Denver, CO 80202-2662<br>T: (303) 764-4013<br>F: (303) 861-7805<br>Email: pkarlsgodt@bakerlaw.com<br><br>Elizabeth A. Scully (admitted *PHV*)<br>BAKER & HOSTETLER LLP<br>Washington Square, Suite 1100<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036-5304<br>Tel: (202) 861-1500<br>Fax: (202) 861-1783<br>Email: escully@bakerlaw.com<br><br>*Attorneys for Defendant Thomas Jefferson University Hospital, Inc. d/b/a/ Jefferson Health* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of November 2024, I electronically filed the foregoing with the Court using the CM/EFC system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

>                               /s/ Edward J. McAndrew
>                               Edward J. McAndrew
>                               PA Bar No. 77103
>                               BAKER & HOSTETLER LLP
>                               1735 Market Street
>                               Suite 3300
>                               Philadelphia, PA  19103
>                               emcandrew@bakerlaw.com
>                               T: (215) 564-8386
>                               F: (215) 568-3435