IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MURPHY and ROBERT STEWART,<br>    Plaintiffs,<br>   v.<br>THOMAS JEFFERSON UNIVERSITY HOSPITALS INC. d/b/a JEFFERSON HEALTH,<br>    Defendant. | Case No. 22-cv-4674-CMR |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, SUBSTITUTE NAMED PLAINTIFF, AND COMPEL DISCOVERY RESPONSES**

**I. INTRODUCTION**

Nancy Murphy and Robert Stewart, for themselves and all others similarly situated, respectfully ask this Court for an order: 1) granting leave to file a Third Amended Complaint ("TAC") substituting Jefferson Health patient Cathryn Thorpe as Named Plaintiff in their stead pursuant to Federal Rule of Civil Procedure 15(a) and conforming the case caption to reflect this substitution; and 2) compelling Defendant to promptly answer the discovery requests Plaintiffs served in December 2024.[1]  Plaintiffs request this relief because, in completing their investigation and analysis to answer Defendant's discovery requests, their counsel determined they do not meet the criteria to support the claims pled in this action during the relevant time-period. After conferral, Defendant agrees to the dismissal of Ms. Murphy and Mr. Stewart's claims, opposes Ms. Thorpe's substitution, and advises it will not answer Plaintiffs' discovery requests because "the only Named Plaintiffs in this action do not have viable claims."

---

[1] A "clean" version of Plaintiff Thorpe's TAC is attached as Exhibit A.  A "redlined" version, showing edits from Plaintiffs' prior SAC [Doc. 36] to the TAC is attached as Exhibit B.  Plaintiffs' January 31, 2024 Document Requests and Interrogatories are attached as Exhibit C.

1

Ms. Thorpe is a member of the putative Class because, like Plaintiffs, during the relevant period, she: maintained a Facebook account; sought care and treatment from Defendant's providers; had an account on Defendant's web properties; used the MyJeffersonHealth website and MyChart patient portal when Meta Collection Tools were present; did not provide informed consent or written permission allowing Defendant to send individually-identifiable patient health information about her past, present, or future health conditions to Meta; had her individually-identifiable patient information and patient health information (including information about her identity, her log-in to the patient portal, and the content of the communications she made on Jefferson Health's web properties) sent to Meta; and received ads for the medicines and services "focused" on the conditions for which Defendant's providers were treating her, the medications Defendant's providers were prescribing, and symptoms related to those conditions. *See* TAC, ¶¶ 145-153 (Exhibit A). As such, Ms. Thorpe's claims are materially identical to those pled by Ms. Murphy and Mr. Stewart. *See* Redline Complaint (Exhibit B). Moreover, Ms. Thorpe desires to press the claims in the TAC and is willing to fulfill the duties of a Named Plaintiff in this action.

Other than substituting Ms. Thorpe as Named Plaintiff, Plaintiffs do not seek to add any new defendants, causes of action or theories of liability, or change the class definition, meaning that the underlying facts, claims, defenses, issues, and procedural status of the case will be unaffected. *Id.* Moreover, Ms. Thorpe has already served Defendant with her completed Interrogatory Responses, Document Request Responses, and document production, and only two of the discovery requests Plaintiffs served in this action (Document Request 1 and Interrogatory 1) relate directly to the identity of the plaintiff in this action, meaning the requested substitution will not materially affect this proceeding, place an unfair discovery burden on Defendant, or cause undue delay. *See* Discovery Requests (Exhibit C).

## II.   PROCEDURAL BACKGROUND

On October 27, 2023, Plaintiffs filed a 64-page / 255-paragraph Second Amended Complaint ("SAC") against Defendant alleging detailed facts to support claims for violation of the Electronic Communications Privacy Act ("ECPA"), breach of contract, negligence, intrusion upon seclusion, and unjust enrichment. *See* [Doc. 36].

On November 30, 2023, Defendant moved to dismiss the claims in Plaintiffs' SAC and, thereafter, the Parties thoroughly briefed the arguments it raised. Defendant's Memo [Doc. 39-1]; Plaintiffs' Opposition [Doc. 43]; Defendant's Reply [Doc. 46]. On September 30, 2024, the Court entered a Memorandum Opinion denying Defendant's Motion [Doc. 54].

On October 21, 2024, Defendant filed an Answer containing virtually-identical, "boilerplate" denials of *each and every allegation* in Plaintiffs' SAC, including *every allegation* relating to Ms. Murphy and Mr. Stewart. *See generally* Answer [Doc. 56].

On November 27, 2024, the Court entered an Initial Scheduling Order bifurcating discovery, allowing discovery on class certification issues, and scheduling briefing on Plaintiffs' class certification motion. *See* Order [Doc. 59] (Plaintiffs' Motion due May 28, 2025).

On December 9, 2024, Defendant served document requests and Interrogatories that Ms. Thorpe answered on March 31, 2025. On December 31, 2024, Plaintiffs served document requests and Interrogatories on Defendant. On April 2, 2025, Defendant advised it would not answer this discovery in light of Plaintiffs' substitution request.

## III.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading is filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."

3

Fed. R. Civ. P. 15(a)(2).[2]  "The court should freely give leave [for a party to amend its pleadings] when justice so requires." *Id.*  Rule 15 takes a liberal approach to allowing amendments.  *See e.g., Cresci v. City of Bayonne*, 2024 WL 94099, *3 (3d Cir. Jan. 9, 2024) (Federal Rule 15(a)… embodies a liberal approach to amendment"); *Calhoun v. Mann*, 2009 WL 839214, *1 (E.D. Pa. Mar. 26, 2009) ("Rule 15 clearly embodies a liberal approach to the allowance of amendments"). The considerations typically used to evaluate a request to amend are "undue delay, bad faith, and futility." *Albright v. Concurrent Techs. Corp.*, 2023 WL 5548810, *1 (W.D. Pa. Aug. 29, 2023), *citing Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993).

In the class action context, amendments promoting class members to named plaintiffs are typically allowed, because they "are not attempting to inject a new unanticipated claim or assert a new theory."  *Pelletier v. Endo Int'l PLC*, 2021 WL 398495, *13 (E.D. Pa. Feb. 4, 2021) ("Substitution of a new named plaintiff to address the inadequacy of a class representative [is] a routine feature of class actions [and] lies within the district court's discretion"); *In re Diisocyanates Antitrust Litig.*, 2020 WL 5350319, *2 (W.D. Pa. Sept. 4, 2020). *See Asbury v. EQT Corp.*, 2021 WL 4897200, *1 (W.D. Pa. Sept. 29, 2021), *vacated and remanded sub nom. Laudato v. EQT Corp.*, 2022 WL 3081871 (3d Cir. Aug. 3, 2022), *citing* 2 McLaughlin on Class Actions § 12:3 n.1 (17th ed. Oct. 2020) ("[s]ubstitution of unnamed class members for named plaintiffs who fall out of the case... is a common and normally an unexceptional ('routine') feature of class action litigation"), *quoting Phillips v. Ford Motor Co.*, 435 F.3d 785, 787-88 (7th Cir. 2006).

---

[2] Because this Motion is not brought outside any Court-ordered deadline to amend pleadings, the liberal Rule 15(a) standard applies. *SG Equip. Fin. USA Corp. v. Kimball Elecs., Inc.*, 2021 WL 1143378, *2 (E.D. Pa. Mar. 25, 2021).  The Rule 15(a) standard does not ask the Court to consider Plaintiff's diligence in bringing her Motion, unlike the heightened Rule 16(b) standard. *Id.* (party seeking to amend its pleading after a scheduling-order deadline has passed must satisfy the Rule 16(b)(4) good cause standard).

Courts in this Circuit routinely allow the addition or substitution of named plaintiffs at a variety of litigation stages, including past the deadline to amend pleadings. *See*, *e.g.*, *O'Donnell v. Scranton Sch. Dist.*, 615 F. Supp. 3d 262, 274 (M.D. Pa. 2022) ("substitution of class representatives is allowed at the pre-certification stage"); *Rivet v. Office Depot, Inc.*, 207 F. Supp. 3d 417, 430 (D.N.J. 2016) ("substitution of class representatives is allowed at the pre-certification stage"); *Flynn v. Manufacturers & Trades Tr. Co.*, 2021 WL 8362649, *2 (E.D. Pa. Sept. 15, 2021) (allowing substitution of named plaintiff during merits discovery); *Baby Neal v. Casey*, 1992 WL 58311, *1 (E.D. Pa. Mar. 20, 1992) (allowing substitution of named plaintiffs to support reconsideration following class certification denial). *See Phillips*, 435 F.3d at 787-88 (in a class action, if claims against the named plaintiffs are dismissed before the class has been certified, federal courts generally allow substitution for the named plaintiffs) (listing cases).

### III.  ARGUMENT

Each of the typically-considered Rule 15 considerations favor Plaintiffs' requested relief. *See Albright*, 2023 WL 5548810 at *1 (referencing undue delay, bad faith, and futility).

Plaintiffs' substitution and amendment are not being sought to unduly delay this action. *See Elliott v. Williams*, 2021 WL 12326773, *1 (E.D. Pa. Nov. 30, 2021) (no undue delay where "Plaintiff contends that she only recently learned, through discovery, of" the information supporting her requested amendment). While this is not Plaintiffs' first request to amend, they are presenting it in a timely manner, at the outset of discovery, promptly upon learning of the defects in their claims and identifying a qualified substitute Plaintiff, before Defendants have provided any discovery responses and (assuming Defendant promptly serves its discovery responses) in time to avoid a delay to the Court's current class certification briefing schedule.

Plaintiffs' substitution and amendment are not being sought in bad faith. *See Raymo v. Civitas Media LLC*, 2020 WL 4003646, *4 (M.D. Pa. July 15, 2020) ("To deny [plaintiff's]

5

amendment, and thus preclude [consideration of] the merits, on the grounds of undue delay and bad faith alone, this [C]ourt would need the very clearest evidence of abuse by [plaintiff]"). Promptly upon learning of defects in the substance and timing of their claims, Plaintiffs identified a substitute who possesses the requisite credentials to support the same claims pled in the SAC, who is willing and able to press these claims, and whose participation will not materially alter Defendant's boilerplate denial to the pleadings or their anticipated discovery production. Nor is there any *bona fide* indication that Plaintiffs have unduly delayed in presenting this issue, or have any interest or intention other than to proceed in a timely manner with the claims presently on-file.

Plaintiffs' substitution and amendment are not futile. *See Telford Borough Auth. v. United State Env't Prot. Agency,* 2020 WL 605666, at *5 (E.D. Pa. Feb. 6, 2020), *on reconsideration*, 2021 WL 392637 (E.D. Pa. Feb. 4, 2021) (leave to amend is not futile where "the dispute raises questions... that exceed the limited analysis that applies to a Rule 15 motion to amend [and] may include a factual dispute"). Ms. Thorpe is a putative Class member who asserts the same claims, based on the same facts, relating to the same time-period, and for the same Class, pled in the SAC. Her claims parallel those the Court has just allowed to survive Defendant's Motion to Dismiss and, as demonstrated by the TAC, can be pled with the same level of specificity. *See generally* TAC (Exhibit A).

Nor can Defendant claim unfair prejudice from the requested relief. *See Corle Bldg. Sys., Inc. v. Ogden Welding Sys., Inc.,* 2022 WL 4639647, at *3 (W.D. Pa. Sept. 30, 2022) ("finding that no prejudice will result to Defendant from permitting an amendment in this case, Plaintiff's motion for leave to file an amended complaint will be granted, as justice so requires"). Plaintiffs' proposed amendment contains no new factual or legal claims beyond those in the SAC (in response to which Defendant has done nothing more than issue boilerplate denials). *See* Redline Complaint (Exhibit B). Moreover, discovery has only just begun, Defendant has not produced any discovery

responses or documents, only two of Plaintiffs' discovery requests relate to them personally, all of which suggest that substituting Ms. Thorpe as the Named Plaintiff at this time will not materially alter or expand Defendant's discovery efforts.

Lastly, Ms. Thorpe desires to press the claims in the proposed Third Amended Complaint, is fully aware of, and willing to fulfill, the responsibilities of a Named Plaintiff and class representative in this action.

## III.   CONCLUSION

Because Plaintiffs have demonstrated diligence and a lack of prejudice to Defendant, and because fairness and efficiency will result by allowing Cathryn Thorpe to substitute as Named Plaintiff for Nancy Murphy and Robert Stewart, Plaintiffs respectfully ask this Court to enter their proposed order: 1) granting leave to file an Amended Complaint substituting Jefferson Health patient Cathryn Thorpe as Named Plaintiff in their stead pursuant to Federal Rule of Civil Procedure 15(a) and conforming the case caption to reflect this substitution; and 2) compelling Defendant to promptly answer the discovery requests Plaintiffs served in December 2024.

Dated:  April 9, 2025              */s/ David J. Cohen*
                                                          David J. Cohen
                                                          STEPHAN ZOURAS, LLC
                                                          604 Spruce Street
                                                          Philadelphia, PA  19106
                                                          (215) 873-4836

                                                          James B. Zouras
                                                          STEPHAN ZOURAS LLC
                                                          222 W. Adams Street, Suite 2020
                                                          Chicago, Illinois 60606
                                                          (312) 233-1550

                                                          *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies to causing a copy of the foregoing Motion to be served upon all record counsel by electronically filing this document today *via* this Court's ECF system.

Dated:  April 9, 2025                    */s/ David J. Cohen*