IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY MURPHY and ROBERT STEWART,<br><br>      Plaintiffs,<br><br>  v.<br><br>THOMAS JEFFERSON UNIVERSITY HOSPITALS INC. d/b/a JEFFERSON HEALTH,<br><br>      Defendant. | Case No. 2:22-cv-04674-BMS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.'S
<u>MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR LACK OF JURISDICTION</u>**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PROCEDURAL BACKGROUND | 1 |
| LEGAL STANDARD | 3 |
| I. A Rule 12(b)(1) and 12(h)(3) Motion to Dismiss Can Be Brought at Any Time and Can Rely on Extrinsic Evidence | 3 |
| ARGUMENT | 4 |
| I. Plaintiffs' Claims Should Be Dismissed For Lack of Jurisdiction Under Rule 12(b)(1) and 12(h)(3) | 4 |
| II. Because Plaintiffs Have Never Had Standing, No Cognizable Claims Exist And Dismissal Should Be Granted Without Leave To Amend | 5 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES
Page(s)

**Cases**

*Aguilar v. Boulder Brands, Inc.*,
   No. 3:12-CV-01862, 2014 WL 4352169 (S.D. Cal. Sept. 2, 2014)...........................................7

*Berkshire Fashions, Inc. v. M.V. Hakusan II*,
   954 F.2d 874 (3d Cir. 1992)....................................................................................................3

*Bernor v. Takeda Pharm. America, Inc.*,
   No. 12-CV-4856, 2018 WL 588563 (C.D. Cal. Jan. 25, 2018) ...............................................7

*Blake v. JPMorgan Chase Bank, N.A.*,
   No. 13-CV-6433, 2018 WL 2359307 (E.D. Pa. May 24, 2018)..............................................8

*Boyle v. United States*,
   No. 20-CV-6219, 2022 WL 3229320 (E.D. Pa. Aug. 10, 2022) .............................................3

*Ceisler v. First Pa. Corp.*,
   No. 89-CV-9234, 1991 WL 83108 (E.D. Pa. May 13, 1991)..................................................7

*Const. Party of Pa. v. Aichele*,
   757 F.3d 347 (3d Cir. 2014)....................................................................................................3

*Feld v. Primus Techs. Corp.*,
   No. 4:12-CV-01492, 2015 WL 2357082 (M.D. Pa. May 15, 2015)........................................5

*Frett-Smith v. Vanterpool*,
   511 F.3d 396 (3d Cir. 2008)....................................................................................................3

*Gould Elec. Inc. v. United States*,
   220 F.3d 169 (3d Cir. 2000)....................................................................................................4

*Grupo Dataflux v. Atlas Glob. Grp., L.P.*,
   541 U.S. 567 (2004)................................................................................................................3

*Hayes v. Wal-Mart Stores, Inc.*,
   725 F.3d 349 (3d Cir. 2013)....................................................................................................4

*Khawam v. Allen*,
   No. 23-CV-22465, 2025 WL 654107 (D.N.J. Feb. 27, 2025) .................................................3

*Kliesh v. Select Portfolio Servicing Inc.*,
   No. 09-CV-2726, 2010 WL 11534314 (E.D. Pa. June 30, 2010)............................................4

*Kontrick v. Ryan*,
   540 U.S. 443 (2004) ................................................................................................................3

*Lusardi v. Xerox Corp.*,
   975 F.2d 964 (3d Cir. 1992) ....................................................................................................6

*McClune v. Shamah*,
   593 F.2d 482 (3d Cir. 1979) ....................................................................................................7

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
   549 F.2d 884 (3d Cir. 1977) .................................................................................................3, 4

*Moyer Packing Co. v. United States*,
   567 F. Supp. 2d 737 (E.D. Pa. 2008) ......................................................................................4

*Neale v. Volvo Cars of N. Am., LLC*,
   794 F.3d 353 (3d Cir. 2015) ....................................................................................................6

*Nedrick v. County of Salem*,
   No. 22-CV-5143, 2024 WL 1110354 (D.N.J. Mar. 13, 2024) .................................................7

*Nordbye v. BRCP/GM Ellington*,
   349 P.3d 639 (Or. App. 2015) ..................................................................................................7

*Oetting v. Norton*,
   795 F.3d 886 (8th Cir. 2015) ...................................................................................................6

*Schuchardt v. President of United States*,
   802 F. App'x 69 (3d Cir. 2020) ...............................................................................................4

*Simon v. E. Kentucky Welfare Rts. Org.*,
   426 U.S. 26 (1976) ..................................................................................................................6

*Storino v. Borough of Point Pleasant Beach*,
   322 F.3d 293 (3d Cir. 2003) ....................................................................................................5

*Taliaferro v. Darby Twp. Zoning Bd.*,
   458 F.3d 181 (3d Cir.2006) .....................................................................................................5

*Wilson v. Quest Diagnostics Inc.*,
   No. 18-CV-11960, 2020 WL 401814 (D.N.J. Jan. 24, 2020) ..................................................7

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................1, 3, 4, 8

Fed. R. Civ. P. 17 ..................................................................................................................2, 3

Fed. R. Evid. 801 .........................................................................................................................5

Pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure, Defendant Thomas Jefferson University Hospital Inc. d/b/a Jefferson Health ("Jefferson Health") respectfully moves this Court to dismiss Plaintiffs' claims with prejudice given Plaintiffs Nancy Murphy and Robert Stewart's ("Plaintiffs") recent admission that "they do not meet the criteria to support the claims pled in this action during the relevant time period." D.I. 61 at p. 1. As a result, there is no live "case or controversy" for this Court to resolve and Plaintiffs' claims and their Second Amended Complaint should be dismissed without leave to amend.

## PROCEDURAL BACKGROUND

On November 22, 2022, Plaintiffs filed their initial Complaint purporting to assert individual claims as well as claims on behalf of a proposed putative class of individuals against Jefferson Health concerning the Plaintiffs' alleged use of Jefferson Health's website. *See* D.I. 1-2. After Jefferson Health filed a Motion to Dismiss Plaintiffs' Complaint for failure to state a claim (D.I. 23), Plaintiffs in response filed an Amended Complaint on February 27, 2023 in an attempt to cure the identified deficiencies in their pled claims. D.I. 24. Jefferson Health, thereafter, filed a Motion to Dismiss Plaintiffs' Amended Complaint for failure to state a claim on March 13, 2023. D.I. 28. In response, Plaintiffs filed a Motion for Leave to File a Second Amended Complaint, and included the proposed Second Amended Complaint as an exhibit on March 27, 2023. D.I. 29.

On October 10, 2023, Judge Schiller entered an Order and Memorandum Opinion granting Jefferson Health's Motion to Dismiss Plaintiffs' Amended Complaint and denying Plaintiffs' Motion for Leave to File a Second Amended Complaint since the Court found that the proposed Second Amended Complaint also did not state viable claims, including a lack of sufficient factual allegations concerning the Plaintiffs to state viable claims. D.I. 34 and 35. However, the Court permitted the Plaintiffs yet another opportunity to amend their Complaint. On October 27, 2023,

Plaintiffs filed what is the current operative complaint and is titled Plaintiffs' Second Amended Class Action Complaint, but is in fact Plaintiffs' fourth submitted complaint. D.I. 36.

On November 30, 2023, Jefferson Health filed a Motion to Dismiss Plaintiffs' Second Amended Complaint. D.I. 39. On September 30, 2024, the Court entered an Order and Memorandum Opinion finding that the Plaintiffs' amended allegations were sufficient to survive the motion to dismiss. D.I. 54 and 55.

On December 9, 2024, just over a week after the Court entered the Initial Scheduling Order in this matter, Jefferson Health served Plaintiffs with Interrogatories and Requests for Production of Documents with a response deadline of January 8, 2025. Plaintiffs never responded to the discovery that Jefferson Health served, despite repeated outreach from Jefferson Health's counsel to Plaintiffs' counsel to determine when the responses would be served. *See* Declaration of Elizabeth Scully ("Scully Decl.") at Ex. 2 with email threads between Jefferson Health's counsel (Scully) and Plaintiffs' counsel (Cohen) between January 7, 2025 and April 2, 2025. Instead, on March 25, 2025, Plaintiffs' counsel informed Jefferson Health for the first time that "neither Ms. Murphy nor Mr. Stewart [the named Plaintiffs] meet the criteria to support the claims pled in the Complaint during the relevant time-period." *Id.* at p. 2, March 25, 2025 email from Cohen to Scully. *Plaintiffs' counsel proposed to withdraw the Plaintiffs' claims with prejudice* and substitute Cathryn Thorpe as a Named Plaintiff under Civil Rule of Procedure 17. *Id.* (emphasis added)

On April 2, 2025, Jefferson Health informed Plaintiffs' counsel that it agreed the Plaintiffs needed to proceed to dismiss their claims and were prepared to stipulate to the dismissal and sent a revised redline of the proposed Stipulation that Plaintiffs' counsel had initially drafted. *Id.* at p. 1, April 2, 2025 email from Scully to Cohen, and Scully Decl. Exhibit 3, Jefferson Health's redline of draft Stipulation. Jefferson Health also shared with Plaintiffs' counsel that it disagreed that Ms.

2

Thorpe could be substituted in this action as a "real party in interest" under Federal Rule of Civil Procedure 17, as Plaintiffs' counsel proposed. Rather, if she wants to proceed with claims against Jefferson Health she should do so by filing a new action with a complaint issued in her name and with allegations specific to her asserted claims. *Id.* at Scully Decl. Ex. 2 at p. 1, April 2, 2025 email from Scully to Cohen.

Thereafter, on April 9, 2025, instead of dismissing their admittedly non-existent claims, Plaintiffs filed a Motion for Leave to file a Third Amended Complaint, Substitute Named Plaintiff, and Compel Discovery Responses (the "Substitution Motion"). D.I. 61. In the first paragraph of the Substitution Motion, Plaintiffs admit that their counsel determined that "they do not meet the criteria to support the claims pled in this action during the relevant time-period." *Id.* at 1.

## **LEGAL STANDARD**

### I.  A Rule 12(b)(1) and 12(h)(3) Motion to Dismiss Can Be Brought At Any Time and Can Rely on Extrinsic Evidence.

"'A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action.'" *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.3 (3d Cir. 2008) (quoting *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004)); *see also Boyle v. United States*, 2022 WL 3229320, at *2 (E.D. Pa. Aug. 10, 2022) ("A party may challenge a federal court's subject matter jurisdiction at any time." (citing Fed. R. Civ. P. 12(b)(1), (h)(3); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 880 n.3 (3d Cir. 1992)). A Rule 12(b)(1) factual challenge "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed." *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 889–92 (3d Cir. 1977)); *see also Khawam v. Allen*, 2025 WL 654107, at *5 (D.N.J. Feb. 27, 2025) ("Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint

for lack of subject-matter jurisdiction on either facial or factual grounds." (citing *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)).

Furthermore, it is well-established that, when a defendant asserts a factual attack under Rule 12(b)(1)—as Jefferson Health asserts here—"the court may may consider evidence outside the pleadings." *Gould Elecs. Inc.*, 220 F.3d at 176. "On a Rule 12(b)(1) factual challenge, the plaintiff has the burden of proof and the burden of persuasion." *Schuchardt v. President of United States*, 802 F. App'x 69, 73 (3d Cir. 2020) (internal citations omitted). "In a factual challenge [], the plaintiff has the burden of persuading the court by a preponderance of the evidence that jurisdiction exists, and the court is free to examine evidence outside of the pleadings." *Kliesh v. Select Portfolio Servicing Inc.*, 2010 WL 11534314, at *2 (E.D. Pa. June 30, 2010), *aff'd,* 419 F. App'x 268 (3d Cir. 2011) (citing *Moyer Packing Co. v. United States*, 567 F. Supp. 2d 737, 748 (E.D. Pa. 2008)). The Third Circuit has held that "[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction[,] its very power to hear the case[,] there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Mortensen*, 549 F.2d at 892. "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* at 891.

## ARGUMENT

**I.   Plaintiffs' Claims Should Be Dismissed For Lack of Jurisdiction Under Rule 12(b)(1) and 12(h)(3).**

As the Third Circuit has held, if the only named plaintiffs in the action do not fall within the class definition, then the plaintiffs have no standing to proceed and the case *must be dismissed*. *See Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 361 (3d Cir. 2013) (citing Rubenstein, *Newberg*

*on Class Actions* § 2:8 ("[I]f a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed.")).

Despite what Plaintiffs alleged in their Second Amended Complaint, Plaintiffs now admit that they are not part of the proposed class set forth in their Second Amended Complaint and do not have viable claims against Jefferson Health. *See* D.I. 61 at p. 1. This Court can treat the statement in Plaintiffs' Substitution Motion that "[the Plaintiffs] do not meet the criteria to support the claims pled in this action during the relevant time period," as a party admission under Federal Rule of Evidence 801(d)(2)(D). *See Feld v. Primus Techs. Corp.*, 2015 WL 2357082, at *2 (M.D. Pa. May 15, 2015) (statements made in plaintiffs' memoranda filed with the Court were admissible as party admissions pursuant to Fed. R. Evid. 801(d)(2)(D) because they were made by their attorney acting within the scope of the attorney's authority). As a result, Plaintiffs admittedly do not have Article III standing, and their claims must be dismissed. *See id.*; *see also Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006) ("Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed.") (citing *Storino v. Borough of Point Pleasant Beach*, 322 F.3d 293, 296 (3d Cir.2003)).

## II.     Because Plaintiffs Have Never Had Standing, No Cognizable Claims Exist And Dismissal Should Be Granted Without Leave To Amend.

Plaintiffs' attempt, before class certification, to substitute in a new plaintiff does not save this putative class action from dismissal with prejudice. As addressed in detail in Jefferson Health's Opposition to Plaintiffs Substitution Motion that is being filed contemporaneously with this Motion to Dismiss, the decisions in this Circuit and beyond recognize that a plaintiff who does not have standing cannot cure the jurisdictional deficiency of his or her claim through seeking to substitute in a new plaintiff. *See* Jefferson Health's Opposition to Plaintiffs' Substitution Motion at pp. 6–7, 9–10 and cases addressed therein.

5

Plaintiffs, who admittedly cannot maintain their own stated claims, have no legal right to seek to amend the complaint to state purported claims of another person who is not a party to this action. The fact that Plaintiffs filed their suit as a proposed class action does not alter the fundamental principle that Plaintiffs themselves must have an actual claim against the Defendants for this Court to have jurisdiction, which they do not. *See, e.g., Oetting v. Norton*, 795 F.3d 886, 892 (8th Cir. 2015) (upholding dismissal of uncertified class action where plaintiff lacks standing, denying request for substitution, and recognizing such is the "normal rule"); *see also Simon v. E. Kentucky Welfare Rts. Org.*, 426 U.S. 26, 37 (1976) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies."); *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 358 (3d Cir. 2015) ("Article III governs constitutional standing and limits our jurisdiction to actual 'cases or controversies.'" (quoting U.S. Const. art. III, § 2)). In the Third Circuit, when a plaintiff moves to substitute a sole class representative before moving for certification, substitution is appropriate only if the claim remains "live." *See Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992) (holding that "the named plaintiff has the requisite personal stake in class certification only if (1) he has a live individual claim when the district court decides the class certification issue, or, at the very least, he had a live claim when he filed for class certification . . . ").

District Courts within the Third Circuit have interpreted the "liveness" requirement to allow pre-certification substitution only where: (1) the named party being replaced confirms that she intends to remain a member of the putative class—*which is not possible here since Plaintiffs admittedly are not part of the putative class*; and (2) a replacement plaintiff with standing is immediately available. *Wilson v. Quest Diagnostics Inc.*, 2020 WL 401814, at *2 (D.N.J. Jan. 24, 2020) (citing *Aguilar v. Boulder Brands, Inc.*, 2014 WL 4352169, at *8 (S.D. Cal. Sept. 2, 2014)

("[T]he weight of authority allows for a sole named plaintiff and proposed class representative to be substituted prior to class certification when the current plaintiff has not settled her claims and had her claims dismissed and *intends to become part of the class*.")) (emphasis provided); *see also Ceisler v. First Pa. Corp.*, 1991 WL 83108, at *4 (E.D. Pa. May 13, 1991) (granting a motion to amend the complaint to substitute a sole named plaintiff "since [the named plaintiff] merely seeks to withdraw as class representative and does not seek to withdraw his claim as a putative class member").

Here, the two named Plaintiffs have admitted they are not members of the putative class, and as such there is no live controversy and their request for substitution should be denied. *See Bernor v. Takeda Pharmaceuticals America, Inc.*, 2018 WL 588563, at *5–7 (C.D. Cal. Jan. 25, 2018) (jurisdictional defect of the named plaintiffs' claims could not be cured through a motion to amend to substitute a new named plaintiff; motion for substitution denied and motion to dismiss plaintiffs' claims granted ); *Nedrick v. County of Salem*, 2024 WL 1110354, at *5 (D.N.J. Mar. 13, 2024) (denying motion to amend to substitute new named as procedurally improper because the Court was unable to determine if the moving plaintiff intended to remain a member of the class, because if he did not, no live controversy exists and the motion could not be entertained); *see also Nordbye v. BRCP/GM Ellington*, 349 P.3d 639, 649–51 (Or. App. 2015) (finding that the trial court lacked jurisdiction to consider a motion to intervene from a proposed substitute plaintiff that was filed after the named plaintiff's claims became moot and before any motion for class certification had been filed); *McClune v. Shamah,* 593 F.2d 482, 486 (3d Cir. 1979) ("A motion for intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may have stated causes of action that they have no standing to litigate."); *Blake v. JPMorgan Chase Bank, N.A.*, 2018 WL 2359307, at *3 (E.D. Pa. May 24, 2018) (same).

## CONCLUSION

For the foregoing reasons, Jefferson Health respectfully asks the Court to dismiss the Plaintiffs' claims and the Second Amended Complaint without leave to amend under Rule 12(b)(1) and 12(h)(3).

## REQUEST FOR ORAL ARGUMENT

Pursuant to E.D. Pa. Civ. R. 7.1(f), Jefferson Health respectfully requests oral argument on this motion to dismiss, should the Court not be inclined to grant the motion without such.

Dated: April 23, 2025

Respectfully submitted,

**BAKER & HOSTETLER LLP**

*/s/ Edward J. McAndrew*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435

Paul G. Karlsgodt (*PHV* forthcoming)
BAKER & HOSTETLER LLP
1801 California Street
Suite 4400
Denver, CO 80202-2662
T: (303) 764-4013
F: (303) 861-7805
Email: pkarlsgodt@bakerlaw.com

Elizabeth A. Scully (admitted *PHV*)
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5304
Tel: (202) 861-1500
Fax: (202) 861-1783
Email: escully@bakerlaw.com

*Attorneys for Defendant Thomas Jefferson University Hospital, Inc. d/b/a/ Jefferson Health*

# CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2025, I electronically filed the foregoing Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss Plaintiffs' Claims for Lack of Jurisdiction using the CM/ECF system, which will automatically serve all attorneys of record via the Court's CM/ECF System.

*/s/ Edward J. McAndrew*
Edward J. McAndrew
PA Bar No. 77103
BAKER & HOSTETLER LLP
1735 Market Street
Suite 3300
Philadelphia, PA 19103
emcandrew@bakerlaw.com
T: (215) 564-8386
F: (215) 568-3435
