**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NANCY MURPHY, *et al*.,**<br><br>                **Plaintiffs,**<br><br>        v.<br><br>**THOMAS JEFFERSON UNIVERSITY HOSPITALS, INC.,**<br><br>                **Defendant.** | **CIVIL ACTION NO.  22-4674** |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                    **December 16, 2025**

On November 22, 2022, Plaintiffs Nancy Murphy and Robert Stewart filed this proposed class action against Defendant Thomas Jefferson University Hospitals, Inc. ("Jefferson Health") asserting various claims arising out of Defendant's alleged use of Meta Platforms, Inc.'s advertising on Defendant's website and portals. Plaintiffs have amended their complaint twice and this Court has denied Defendant's prior Motion to Dismiss. A bifurcated discovery schedule was set. Now, more than two years after filing their initial complaint, Plaintiffs move for leave to once again amend the complaint to substitute the named plaintiffs because "their counsel determined [Plaintiffs] do not meet the criteria to support the claims pled in this action during the relevant time period."[1] Defendant opposes the motion and has filed a Motion to Dismiss for lack of subject matter jurisdiction.

---

[1] Pls.' Mot. for Leave at 1 [Doc. No. 61].

# I.    BACKGROUND

## A.    Factual Background

Defendant is a multi-state non-profit health system based in Philadelphia, Pennsylvania.[2] Plaintiffs allege in their Second Amended Complaint that Plaintiffs Nancy Murphy and Robert Steward have been patients of Defendant since at least 2018.[3] They claim they created online accounts with the MyJeffersonHealth online portal and the MyJeffersonHealth mobile application to communicate with their doctors and other healthcare professionals and departments about their health conditions.[4] In their Second Amended Complaint, Plaintiffs allege that at the time they used MyJeffersonHealth, Defendant used Meta's "tracking and collection tools, including the Meta Pixel, Meta SDK, Meta Conversions API, customer list uploads, social plug-ins, the Meta Graph API, and server-to-server transmissions (collectively, 'Meta Collection Tools')."[5] Plaintiffs also allege the Meta Collection Tools transmit content of their communications to Meta, including information sufficient to uniquely identify a patient under federal law, and that the tools allow Defendant to intercept individually-identifiable health information and monetize this information for Defendant's financial gain.[6] Plaintiffs allege violation of the Electronic Communications Privacy Act,[7] breach of contract, negligence, intrusion upon seclusion, and unjust enrichment.[8]

---

[2] Second Am. Compl. [Doc. No. 36] at ¶ 154.

[3] Second Am. Compl. [Doc. No. 36] at ¶¶ 155, 163.

[4] Second Am. Compl. [Doc. No. 36] at ¶¶ 156, 164.

[5] Second Am. Compl. [Doc. No. 36] at ¶ 1.

[6] Second Am. Compl. [Doc. No. 36] at ¶¶ 1, 7.

[7] 18 U.S.C. §§ 2510-2523.

[8] Second Am. Compl. [Doc. No. 36].

B.       **Procedural Background**

On November 22, 2022, Plaintiffs first filed a complaint against Defendant and Meta Platforms, Inc.[9] The claims against Meta were later transferred by stipulation to the Northern District of California for consolidation with the *In Re Meta Pixel Healthcare Litigation*.[10] After Plaintiffs amended their complaint twice, this Court denied Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint on September 30, 2024.[11] The Parties participated in a pretrial scheduling conference before this Court, during which they requested bifurcated discovery.[12] The Court granted the request and directed the parties to conduct initial discovery related to class certification.[13] The Scheduling Order permitted Plaintiffs to move for class certification by May 28, 2025.[14]

The parties served document requests and interrogatories in December 2024.[15] After a series of extensions and attempts by Defendant to ascertain the status of Plaintiffs' responses,[16] Plaintiffs' counsel informed Defendant on March 25, 2025, that "neither Ms. Murphy nor Mr. Stewart meet the criteria to support the claims pled in the Complaint during the relevant time period."[17]

---

[9] Compl. [Doc. No. 1].

[10] Order Transferring Meta Claims [Doc. No. 26].

[11] Order Denying Mot. to Dismiss [Doc. No. 55].

[12] Order Setting Scheduling Conference [Doc. No. 57]; Scheduling Order [Doc. No. 59].

[13] Scheduling Order [Doc. No. 59].

[14] Scheduling Order [Doc. No. 59].

[15] Def.'s Resp. Opp. Mot. for Leave at 2 [Doc. No. 63].

[16] *See* Scully Decl. Ex. 2 [Doc. No. 64].

[17] Scully Decl. Ex. 2 at p. 2, March 25, 2025 Email from Cohen to Scully [Doc. No. 64]; Pls.' Reply Supp. Mot. to Amend at 6 [Doc. No. 65].

Plaintiffs thereafter filed the instant Motion for Leave to file a Third Amended Complaint, Substitute Named Plaintiff, and Compel Discovery Responses.[18] In their Motion, Plaintiffs state that "in completing their investigation and analysis to answer Defendant's discovery requests, their counsel determined they do not meet the criteria to support the claims pled in this action during the relevant time-period."[19] This filing was met with Defendant's Motion to Dismiss for lack of subject matter jurisdiction based on Plaintiffs' lack of standing.

In response, Plaintiffs claim that they do not lack standing and are still members of the class.[20] Specifically, Plaintiffs state that "Plaintiffs' counsel suspect Named Plaintiffs' claims might be deficient in some respects, so made a proposal to defense counsel (offering to withdraw their claims in return for a stipulation substituting Ms. Thorpe) to avoid issues 'down the road' that could unnecessarily delay this litigation."[21]

Plaintiffs did not file for class certification by the deadline to do so.

## II.    LEGAL STANDARD

### A.    Rule 12(b)(1) Motion to Dismiss

A motion to dismiss for lack of standing is "properly brought pursuant to Rule 12(b)(1), because standing is a jurisdictional matter."[22] Defendant does not "contest[] the sufficiency of the pleadings," so the 12(b)(1) motion is a factual attack.[23] A factual attack on the claims argues

---

[18] Pls.' Mot. for Leave [Doc. No. 61].

[19] Pls.' Mot. for Leave at 1 [Doc. No. 61].

[20] Pls.' Reply Supp. Mot. for Leave at 6 [Doc. No. 65].

[21] Pls.' Reply Supp. Mot. for Leave at 6 [Doc. No. 65].

[22] *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (quoting *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007)).

[23] *Id*. (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012) (internal quotation marks omitted)); *see also* Def.'s Mot. Dismiss [Doc. No. 62-1].

that "there is no subject matter jurisdiction [based on] the facts of the case."[24] A factual attack concerns the "actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites."[25] Under a factual attack, no presumptive truthfulness attaches to Plaintiffs' allegations, and Plaintiffs have the burden of proof that jurisdiction exists.[26] In reviewing a factual attack, the Court may "make factual findings, beyond the pleadings, that [are] decisive to determining jurisdiction."[27]

### B.    Rule 15 Motion to Amend

Rule 15 permits plaintiffs to amend a complaint once as of right, and after the time to amend as of right has expired, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[28] A "court should freely give leave when justice so requires."[29] A court typically may exercise its discretion to deny a Rule 15(a) motion if "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party."[30]

---

[24] *Const. Party of Pa.*, 757 F.3d at 358.

[25] *Id*. (quoting *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (internal quotation marks omitted) (alterations in original)).

[26] *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1997).

[27] *CNA v. United States*, 535 F.3d at 145.

[28] Fed. R. Civ. P. 15.

[29] Fed. R. Civ. P. 15(a)(3).

[30] *United States ex rel. Customs Fraud Investigations, LLC v. Victaulic Co*., 839 F.3d 242, 248 (3d Cir. 2016) (quoting *United States ex rel. Schumann v. Astrazeneca Pharm. L.P*., 769 F.3d 837, 849 (3d Cir. 2014)).

## III.    DISCUSSION

### A.    Motion to Dismiss

1.    <u>Standing</u>

To establish standing, a plaintiff must demonstrate (1) an "injury in fact"; (2) a "causal connection between the injury and the conduct complained of; and (3) a "'like[lihood]'. . . that the injury will be 'redressed by a favorable decision.'"[31] In a class action, the class representative must present a justiciable claim.[32] "[A] plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class."[33] The court "[has] 'an obligation to assure [itself] of litigants' standing under Article III."[34]

A court lacks jurisdiction over a class action when there is no plaintiff who can assert a justiciable claim against the defendant because there is no live case or controversy within the meaning of Article III.[35] "[W]hen claims of the named plaintiffs become moot before class certification, dismissal of the action is required."[36]

While the Supreme Court has permitted addition of plaintiffs to a class action when the standing of initial plaintiffs was questioned, it did so only after finding that the initial plaintiffs

---

[31] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)..

[32] *See Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353, 366 (3d Cir. 2015); *see also Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) ("While the proof required to establish standing increases as the suit proceeds, the standing inquiry remains focused on whether *the party invoking jurisdiction* had the requisite stake in the outcome when the suit was filed." (emphasis added) (citation omitted)).

[33] *Holmes v. Pension Plan of Bethlehem Steel Corp.*, 213 F.3d 124, 135 (3d Cir. 2000).

[34] *Neale v. Volvo Cars of North America, LLC*, 794 F.3d 353, 358 (3d Cir. 2015) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006)).

[35] *Rosetti v. Shalala*, 12 F.3d 1216, 1225 (3d Cir. 1993); *see also O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

[36] *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992). *See also Neale*, 794 F.3d at 364 ("[A] class action is permissible so long as at least one named plaintiff has standing.").

were agents of the later-added plaintiffs and the initial plaintiffs were found to be proper parties below.[37]

The Third Circuit has not squarely addressed the issue of whether, prior to class certification, plaintiffs may move to amend their complaint to substitute a named plaintiff who has standing.[38] However, in *Hayes v. Wal-Mart Stores, Inc*., the Third Circuit remanded a case to the district court with instructions to determine whether the named plaintiff had standing, and ordered that if the plaintiff did not have standing, then the case must be dismissed because he was the only named plaintiff.[39] The Third Circuit noted that "[s]ubstitution of the lead plaintiff could only occur if there were multiple lead plaintiffs,"[40] so that at least one named plaintiff would have standing. Here, there are two proposed lead plaintiffs, both of whom are challenged for lack of standing.

The Third Circuit relied on Newberg and Rubenstein on Class Actions, which states that "if a case has only one class representative and that party does not have standing, then the court lacks jurisdiction over the case and it must be dismissed."[41] Newberg continues, "If the case only had this one class representative from the outset, then there is no opportunity for a substitute class representative to take the named plaintiff's place because this means that the court never had jurisdiction over the matter."[42] Therefore, if Plaintiffs do not have standing, the Court must

---

[37] *Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952). Such addition was permitted under Federal Rule of Civil Procedure 21, not Rule 15. *Id*.

[38] The Third Circuit has noted that a district court "may consider in the first instance whether to grant [Plaintiffs] further leave to amend their Complaint to establish standing" when a group of named plaintiffs lacked standing to bring one of several claims in their Complaint. *Hickey v. University of Pittsburgh*, 81 F.4th 301, 314 n.9 (3d Cir. 2023).

[39] 725 F.3d 349, 361 (3d Cir. 2013).

[40] *Id*. at 361 n.12 (citing Rubenstein, *Newberg on Class Actions* § 2:8).

[41] 1 *Newberg and Rubenstein on Class Actions* § 2:8 (6th ed. 2025).

[42] *Id*.

dismiss the case and may not permit amendment to substitute a Named Plaintiff. Accordingly, the issue of standing will be addressed at the outset.

      2.   <u>Claims</u>

Defendant argues that Plaintiffs' statement that "counsel determined [that Plaintiffs] do not meet the criteria to support the claims pled in this action during the relevant time-period" constitutes a party admission under Federal Rule of Evidence 801(d)(2)(D) that Plaintiffs lack standing.[43]

Plaintiffs fail to recognize that it is their burden, not Defendant's, to establish standing. They rely on assertions that Plaintiffs have not agreed to withdraw any claims and that this Court has not made factual findings nor entered an order concerning Plaintiffs' claims, their participation in the action, or their status as Plaintiffs.[44] These arguments are not sufficient to meet Plaintiffs' burden of establishing standing.

A plaintiff does not have standing by virtue of bringing a claim. Nor does a plaintiff have standing because a Court has not yet found that they do not. Plaintiffs fail to clarify how "they do not meet the criteria to support the claims pled in this action during the relevant time period" but retain standing and intend to remain in the class. In their reply filed in support of their motion for leave, Plaintiffs' adjust their language to say that "Plaintiffs' counsel suspect Named Plaintiffs' claims might be deficient in some respects, so made a proposal to defense counsel (offering to withdraw their claims in return for a stipulation substituting Ms. Thorpe) to avoid issues 'down the road' that could unnecessarily delay this litigation."[45] Yet counsel did not just make a

---

[43] Def.'s Mot. to Dismiss at 5 [Doc. No. 62-1].

[44] Pls.' Reply Supp. Mot. for Leave at 2 [Doc. No. 65].

[45] Pls.' Reply Supp. Mot. for Leave at 6 [Doc. No. 65].

representation to Defendant in seeking a stipulation. Plaintiffs told this Court that they do not meet the criteria to support this action.

Further, Plaintiffs missed the deadline to seek class certification. Plaintiffs did not respond to discovery requests or interrogatories regarding class certification discovery.[46] As these responses were due before Defendant was required to respond to Plaintiffs' requests, Defendant has not produced discovery relevant to class certification.[47] If Plaintiffs sought to remain as members of the class, they were required to provide these responses and timely file for class certification. Substitution of Named Plaintiffs pursuant to Federal Rule of Civil Procedure 21, as Plaintiffs note, is routinely granted, even after class certification.[48]

After Plaintiffs filed their Second Amended Complaint, the Rule 16 scheduling conference took place, and initial discovery requests were exchanged, Plaintiffs allege that they discovered from their own clients that Plaintiffs would not meet the criteria to be leaders of the proposed class.[49] Plaintiffs' counsel "learned more about the Named Plaintiffs' engagement with Defendant's web properties, [and] they realized some aspects of these interactions could subject them to arguments undermining their claims, damages and/or status as Class representatives."[50]

Plaintiffs likewise present no evidence to explain the assertion that the proposed named class representatives do not meet the criteria to support the claims pled; do not identify what

---

[46] Pls.' Mot. for Leave at 3 [Doc. No. 61]. Ms. Thorpe, the proposed Substituted Plaintiff, did respond to the document requests and interrogatories, but Plaintiffs did not. Pls.' Mot. for Leave at 3 [Doc. No. 61].

[47] Pls.' Mot. for Leave at 3 [Doc. No. 61].

[48] *See, e.g.*, *Pelletier v. Endo Int'l PLC*, No. 17-5114, 2021 WL 398495, at *13 (E.D. Pa. Feb. 4, 2021); *Flynn v. Mfrs. & Trades Tr. Co.*, No. 17-4806, 2021 WL 8362649, at *2 (E.D. Pa. Sept. 15, 2021); *Wilson v. Quest Diagnostics Inc.*, No. 18-11960, 2020 WL 401814, at *1, *4 (D.N.J. Jan. 24, 2020); *Rivet. v. Off. Depot, Inc.*, 207 F. Supp. 3d 417, 430–31 (D.N.J. 2016). Plaintiffs rely on cases where initial plaintiffs did indeed have standing and, thus, were granted leave to substitute named plaintiffs.

[49] Pls.' Reply Supp. Mot. for Leave at 8 [Doc. No. 65].

[50] Pls.' Reply Supp. Mot. for Leave at 8 [Doc. No. 65].

deficiencies were found to exist; and do not present any evidence that Plaintiffs have standing and are eligible to remain in the class if amendment is granted. Merely "intend[ing] to remain in the class" without standing to do so is not sufficient.[51]

On the evidence presented to this Court, including Plaintiffs' counsel's admission in the motion for leave, Plaintiffs have not met their burden to establish standing. Accordingly, this Court lacks jurisdiction as there is no case or controversy before the Court, and Defendant's Motion to Dismiss will be granted.

### B.    Motion for Leave to Amend

Because this Court lacks jurisdiction over the case, it need not address more substantially Plaintiffs' Motion for Leave to Amend. The Court notes, however, that this action was pending for well over two years before Plaintiffs identified that they do not meet the criteria to support the claims, and Plaintiffs have not pointed to any exchange of discovery or identification of evidence previously not available to explain the delay in such a determination. Plaintiffs' description of counsel's determination that Plaintiffs do not meet the criteria to support the action does not identify any information that counsel could not have identified, or learned about Plaintiffs' interactions with Defendant's web properties, that could not have been learned through due diligence as the party prosecuting the action.

A court may deny a motion for leave to amend on the basis of undue delay when the party seeking leave has inexplicably failed to take advantage of previous opportunities to amend, resulting in unfair burdens to the court and the opposing party.[52] The Third Circuit emphasizes the importance of the movant articulating a "colorable excuse" for delay.[53]

---

[51] Pls.' Reply Supp. Mot. for Leave at 7 [Doc. No. 65].

[52] *Arthur*, 434 F.3d at 204.

[53] *Id*. at 205 n.11 (citing *Adams*, 739 at 868).

Here, Plaintiffs have filed three different versions of their complaint before this request. The Court has granted Plaintiffs leave to amend once before. Over two years, Plaintiffs had ample opportunity to identify any defects or issues with their claims or with Named Plaintiffs representing the putative class. They have not identified any discovery or new evidence to justify such delay, nor have they explained how counsel's due diligence did not determine the limitations of Plaintiffs' claims.

## IV. CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss will be granted and Plaintiffs' Motion for Leave to Amend will be denied. An appropriate order will be entered.